CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 10 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JACQUELINE R. EUBANKS, *Plaintiff,* <br><br> v. <br><br> LYNCHBURG CITY SCHOOLS, *Defendant.* | CASE NO. 6:13-cv-00040 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

Pending before the court is Plaintiff's motion to proceed *in forma pauperis* (docket no. 1), which I will grant. However, for the following reasons, I will dismiss Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.

A district court must evaluate a complaint filed *in forma pauperis* and dismiss it if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) ("[Section] 1915 permits district courts to independently assess the merits of *in forma pauperis* complaints, and to exclude suits that have no arguable basis in law or fact.") (citation and internal quotations omitted).

A pro se litigant's pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Still, the facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This court

1

may not dismiss an action under Section 1915 "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citation omitted). In this case, Plaintiff's July 2, 2013 complaint fails to state a claim upon which relief can be granted.

## II.

In her complaint, Plaintiff states that she was previously employed as a substitute teacher by the Lynchburg City School system.[1] Plaintiff alleges that she was discharged in late January, 2012, for her "use of religion." Pl.'s Compl. 3.[2] Plaintiff also states that she was discharged because she was deemed to be "unqualified" and "unreliable," but contends that those allegations are "inaccurate." *Id.* Plaintiff adds that "the process for termination require[s] more than five write-ups within a school year," and appears to contend that, even if she had more than five "write-ups," they were spaced out over a period exceeding one year. *Id.* at 4. Plaintiff has since applied for a contract teaching position with the Lynchburg City School system, but states that she has not been able to obtain a position. *Id.*

Plaintiff's allegations appear to suggest that the Lynchburg City School system took action against her due to her "use of religion" in the classroom. However, such religious conduct is not protected by either Title VII, *see, e.g., Grossman v. S. Shore Pub. Sch. Dist.*, 507 F.3d 1097 (7th Cir. 2007), or the First Amendment, *see, e.g., Edwards v. Aguillard*, 482 U.S. 578, 584 (1987) ("Families entrust public schools with the education of their children, but condition their

---

[1] Plaintiff states that she filed her initial complaint with the Equal Employment Opportunity Commission (EEOC) on or about June 20, 2012. Plaintiff's notice of her suit rights from the EEOC was mailed on May 8, 2013.

[2] Plaintiff alleges that John Womack, a principal for Lynchburg City Schools, told her that he "cannot have [Plaintiff] using any form of religion . . . within the school." *Id.*

2

trust on the understanding that the classroom will not purposely be used to advance religious views that may conflict with the private beliefs of the student and his or her family.").

Even if Plaintiff is attempting to allege that she was unlawfully discriminated against based on her religious beliefs, both when she was terminated from her substitute teaching position and when she was later rejected for contract teaching positions, her complaint still must be dismissed. A plaintiff alleges a prima facie case of discrimination under Title VII if she pleads that: (i) she is a member of a protected group; (ii) her job performance was satisfactory (or she was qualified for an open position for which she applied); (iii) she was subjected to an adverse employment action; and (iv) similarly situated employees outside her class received more favorable treatment (or she was rejected for the open position under circumstances giving rise to an inference of unlawful discrimination). *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998). Construing Plaintiff's claims liberally, Plaintiff has failed to allege facts to support the last of these four required elements.

### III.

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's complaint is dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the Superintendent of Lynchburg City Schools, the Lynchburg City Attorney, and to the Plaintiff.

Entered this __10th__ day of July, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE